IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-cr-19-MEF |
| | ) | |
| MAURICE SHARRON WILLIAMS | ) | (WO—Do Not Publish) |

## **MEMORANDUM OPINION AND ORDER**

This case is before the Court on Defendant Maurice Sharron Williams's ("Williams") Motion to Suppress Statements (Doc. # 88), filed on June 15, 2010. In his motion, Williams moves to suppress statements he made to Police Sergeant Jerome Bailey ("Bailey") during two interviews at Bailey's office on July 10, 2006, and July 20, 2006. Having considered the testimony and the exhibits presented at the evidentiary hearing on the motion, the Court concludes that the motion is without merit and should be denied.

First, Williams argues that his statements must be suppressed because he did not voluntarily and intelligently waive his *Miranda* rights before making the statements. *See Moran v. Burdine*, 475 U.S. 7412 (1986) (requiring that a defendant's waiver of his *Miranda* rights be both voluntary and intelligent).

This argument is not persuasive. Williams was not in "custody" when he made the statements. As a result, he was not entitled to *Miranda* warnings and

cannot rely on any deficiency in the waiver of his *Miranda* rights.  According to the U.S. Court of Appeals for the Eleventh Circuit,

> the right to *Miranda* warnings attaches when custodial interrogation begins.  A defendant is in custody for the purposes of *Miranda* when there has been a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.  [A court must ask whether] under the totality of the circumstances, a reasonable man in his position would feel a restraint on his freedom of movement to such extent that he would not feel free to leave.  The test is objective: the actual, subjective beliefs of he defendant and the interviewing officer on whether the defendant was free to leave are irrelevant.

*United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir. 2006) (internal citations and quotation marks omitted).

After reviewing the totality of the circumstances, this Court concludes that Williams has not satisfied the objective definition of "custody."  Williams voluntarily went to Bailey's office for both interviews.  No law-enforcement officer escorted Williams to either interview, and both interviews took place in Bailey's regular office-space and not in a holding cell or other intimidating location.  Williams was not handcuffed or restrained during the interviews, and Bailey repeatedly told him that he was not under arrest and that he was free to leave.  Both interviews were short and professional; Bailey was polite to Williams, and he did not threaten Williams or use physical force on him.  Given these uncontested facts, the Court cannot say that either of the interviews come even

remotely close to the level of restraint of freedom of movement that is contemplated by *Miranda*'s "custody" requirement. *See California v. Beheler*, 463 U.S. 1121, 1121 (1983) (ruling that *Miranda* warnings are not required if a suspect is not placed under arrest, voluntarily comes to the police station, and is allowed to leave unhindered by police after a brief interview).

At the evidentiary hearing, Williams raised a second argument: regardless of *Miranda*, his statements must be suppressed because he did not make them voluntarily. Rather, he argued that Bailey extracted the statements from him by lying about the purpose of the interview.

This argument also fails because there is no evidence in the record to support the contention that Bailey ever made an explicit or implicit promise to Williams that he would not be prosecuted for a crime or that his statements would not be used against him. *See United States v. Lall*, No. 09-10794, 2010 WL 2136630, *5–8 (11th Cir. May 28, 2010) (distinguishing mere misrepresentations of fact, which do not render a confession involuntary, from promises of nonprosecution, which do). In fact, there is no evidence in the record that Bailey ever deceived Williams about the investigative nature of the interviews at all. Bailey did not make any untoward promises to Williams, and, as described above, he conducted both interviews in an acceptable manner. Thus, under the totality of

the circumstances, the statements were voluntary.

Accordingly, it is hereby

ORDERED that the motion is DENIED.

DONE this the 24th day of June, 2010.

                                          /s/ Mark E. Fuller
                                 CHIEF UNITED STATES DISTRICT JUDGE